## STANLEY JABLOWSKI
### vs.
## THE PEOPLES SAVINGS BANK

Superior Court          Hartford County          File #54335

Present:   Hon. ERNEST A. INGLIS, Judge.

Frederick B. Hungerford,          Attorney for the Plaintiff.

Cyril F. Gaffney          Attorney for the Defendant.

## MEMORANDUM FILED OCTOBER 27, 1936.

INGLIS, J. It is apparent that the defendant in its Special Defense is laying the foundation for the claim that the plaintiff assumed the risk of the place where he was working because the relationship of master and servant existed between him and the defendant. It is not alleged however that the plaintiff was employed directly by the defendant but rather that he was employed by one Walter Jablonski without alleging any relationship to have existed between Walter Jablonski and the defendant.

In order to fairly apprise the plaintiff as to just what the claim of the defendant is in this regard it should be made to appear what the relationship was which is claimed to have existed between Walter Jablonski and the defendant.

The motion is therefore granted the more specific statement to be filed within two weeks.

---

### Memorandum Sustaining Demurrer in Same Action.

The plaintiff seeks to recover for injuries suffered as a result of the dangerous condition of the premises owned by the defendant. The defendant set forth that the plaintiff assumed the risk of the condition of the premises. The plaintiff demurred to this defense. Held:

That it does not appear in the pleadings filed that the plaintiff had knowledge of the condition, the risk of which he is alleged to have assumed, therefore it could not be said that he assumed it.

"There can be no assumption of a hazard without knowledge, either actual or implied, of its existence."

## MEMORANDUM FILED NOVEMBER 25, 1936.

BOOTH (JOHN RUFUS), J. The action is to recover damages for injuries which are alleged to have been proximately caused by negligence of the defendant, which negligence is alleged to have consisted in the creation by the defendant's agents of a dangerous condition of premises owned by the defendant whereon the plaintiff was by the defendant directed to perform certain work.

In the defense demurred to the defendant sets forth that the plaintiff in his employment assumed the risk of the condition of the premises in question. "There can be no as-

sumption of a hazard without knowledge, either actual or implied, of its existence." **Arnold vs. Connecticut Company, 83 Conn. 97-101.**

In the pleading as filed it does not appear that the plaintiff had knowledge of the condition, the risk of which he is alleged to have assumed; consequently, it could not properly be said that he assumed it. It is obvious, therefore, that the pleading does not properly set forth a defense of assumption of risk and the demurrer thereto is accordingly sustained.